In the Matter of HUGH BEST, Petitioner, v. WILLIAM J. RONAN, as Chairman of the New York City Transit Authority, Respondent.—Determination of the respondent dated January 7, 1970, unanimously modified, on the law, and in the exercise of discretion, to the extent of substituting for a dismissal of petitioner, a suspension without pay, for a period commencing from the date of dismissal to six months from the date of the entry of the order

hereon and, as so modified, confirmed, without costs and without disbursements. The dismissal of petitioner and forfeiture of his accrued pension rights constitute unreasonably harsh and excessive sanctions. We do not condone petitioner's conduct in the handling of fares which supports the inference and finding that, during an 18-day period of observation, he misappropriated bus fares, albeit in minimal amounts. Nevertheless, petitioner's outstanding service of 21 years as a bus driver for the Authority, without any prior charges or complaints, indicates that the permissible aims of discipline can be achieved effectively by less severe punishment. In the circumstances, and considering his prior long satisfactory service, we conclude that the punishment of dismissal of this 50-year-old man, father of five, and the forfeiture of his pension rights, was excessive and unduly disproportionate to the offense. Suspension for a period of more than three and one-half years will satisfy the ends of justice. Our courts have heretofore exercised the power to revoke determinations of dismissal of employees with records of prior good service and substituted suspensions. (*Matter of Smith* v. *Murphy*, 38 A. D. 2d 931; *Matter of Tannenholz* v. *Waterfront Comm. of N. Y. Harbor*, 36 A D 2d 930, affd. 30 N Y 2d 668; *Matter of Mitthauer* v. *Patterson*, 8 A D 2d 953, affd. 8 N Y 2d 37.) Concur — McGivern, J. P., Markewich, Nunez, Lane and Steuer, JJ.